BERNABÉ IRIZARRY, Plaintiff and Appellant, v. CHARLES E. MINER, Defendant and Appellee.

No. 6947. Argued February 13, 1935.—Decided February 26, 1935.

J. Sabater for appellant.   J. Alemañy Sosa for appellee.

164

Mr. Justice Aldrey delivered the opinion of the court.

Because the defendant in a suit for an injunction to recover possession did not appear, a judgment was rendered against him without a hearing, with costs to the plaintiff. The plaintiff presented his memorandum to collect the costs, and included in it an amount for attorney's fees. The defendant then appeared to oppose the said item on the ground that he is not obliged to pay it, and the district court refused to allow any sum for such fees to the plaintiff, who took this appeal.

Section 327 of the Code of Civil Procedure provides the following:

"Parties to actions or proceedings, including The People of Puerto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further . . .*"

The appellant maintains that this section is not applicable in a suit entitled to recover attorney's fees. However, in the case of *People ex rel. Salgado* v. *López,* 30 P.R.R. 241, a *quo warranto* proceeding, we held that the said section was of general application and that the intention of the Legislature was to include all cases where a different intent was not shown. As no such different intent appears from the Act of 1913 governing injunctions to recover possession, which merely provides in section 5 that costs shall be taxed against the party against whom judgment is rendered, it must be concluded that section 327, copied above, is applicable to the action brought in this case.

Applying this statutory provision, we must conclude that the award of costs to the appellant does not include attorney's fees, as the defendant did not enter an appearance in the case.

The judgment appealed from must be affirmed.